James C. LADD, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 92–SC–935–KB.

Supreme Court of Kentucky.

Jan. 21, 1993.

## OPINION AND ORDER

Movant was charged with unethical and unprofessional conduct and now moves for permission to resign from the Kentucky Bar Association. The KBA has no objection to what Ladd seeks, but requests this Court to include a brief recitation of the unethical and unprofessional conduct by Ladd in this order.

Ladd's conduct which led to the disciplinary action was in connection with his representation of Esther B. Moore Suter, the nominated Executrix of the wills of Janet L. Gibson and Evan Gibson. While Ladd retained sole custody of the estate checkbook and records, he failed to make timely filings of periodic settlement as required by statute and ignored notices to the Execu-trix, which were mailed to him, of the necessity to do so.

On November 4, 1991, Ladd admitted to forging Mrs. Suter's name to estate checks payable to him. The sum of $98,250.00 was paid to Ladd for attorney's fees by check not signed by Mrs. Suter or authorized by her. Movant was indicted by the Hart County Grand Jury on January 21, 1992, and charged with committing twenty-two counts of criminal possession of a forged instrument, second degree, and twenty-one counts of theft by unlawful taking over $100.00. On August 25, 1992, the Hart Circuit Court entered a judgment and sentence on a plea of guilty as to Counts 23 through 43 of the indictment. The Hart Circuit Court entered an order of probation/conditional discharge.

On February 3, 1992, a Federal Grand Jury indicted movant on four counts of failure to file Federal income tax returns from 1985 through 1988. On July 30, 1992, a judgment was entered in this criminal case accepting movant's plea of guilty to all four counts of the indictment. The movant was sentenced to be imprisoned for a term of one year as to each of Counts 1 and 2 of the indictment and to be imprisoned for a period of one month as to each of Counts 3 and 4 of the indictment, to be served concurrently for a total term of one year.

It is ordered that James C. Ladd's motion to resign from the Kentucky Bar Association is granted. It is further ordered that:

1. Movant shall not be permitted to engage in the practice of law, as defined by SCR 3.020, in the Commonwealth of Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Movant shall not file an application for reinstatement for a period of five years from the date of this order.

3. Movant will not file an application for reinstatement following the five-year period unless he presents satisfactory evidence that he has reimbursed the Kentucky Bar Association's Clients' Security Fund

for any award issued based on a claim filed against Movant for which the Clients' Security Fund has obtained subrogation rights.

4. Notwithstanding the five-year period mentioned above, the movant shall not file an application for reinstatement if there is any outstanding claim or judgment against him resulting from his practice of law prior to resignation.

5. Any application for reinstatement filed by movant shall be governed by SCR 3.520, reinstatement in case of disbarment, or any subsequent amendment to SCR 3.520.

The investigations initiated by the Inquiry Tribunal and all other disciplinary proceedings pending against this movant shall be terminated with the costs to be paid by this movant in accordance with SCR 3.450(1) and SCR 3.480(3).

Movant shall comply with the provisions of SCR 3.390 regarding notice to all Courts in which he has matters pending, and to all clients for whom he is actively involved in representation, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel.

All concur.

ENTERED: January 21, 1993.

/s/ Robert F. Stephens
Chief Justice